**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | |
| OneBeacon America Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Dominion Insurance Company Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, OneBeacon America Insurance Company ("OneBeacon"), by and through its

counsel, brings its Complaint for breach of contract against the Defendant, Dominion Insurance

Company, Ltd. ("Dominion"), and states as follows:

**THE PARTIES**

1.       Plaintiff OneBeacon is a Massachusetts corporation with its principal place of

business in Canton, Massachusetts.  OneBeacon was formerly known as CGU, which in turn was

created by the merger of Commercial Union Insurance Company and General Accident.

OneBeacon includes, but is not limited to, CGU, Commercial Union Insurance Company,

Employers' Surplus Lines Insurance Company, The Employers Liability Assurance Corporation,

Ltd. and Employers Commercial Union Insurance Company of America.

2.       Upon information and belief, Dominion is an English company with its principal

place of business in or around London, England and is currently in run-off.

3.       Upon information and belief, Dominion is not registered with the Office of the

Secretary of the Commonwealth of Massachusetts or with the Massachusetts Division of

Insurance, is not otherwise licensed to transact business in the Commonwealth of Massachusetts and therefore constitutes "an unauthorized foreign or alien insurer" for purposes of M.G.L. c. 175B.

4.     The facultative reinsurance certificates at issue, which are more fully described below, do not contain a provision designating the commissioner of insurance or his successor in office as Dominion's true and lawful attorney upon whom may be served all lawful process in any action, suit or proceeding instituted by OneBeacon and arising out of the facultative reinsurance certificates.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because the parties' citizenship is diverse and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

6.     This Court has personal jurisdiction over defendant Dominion because Dominion transacts business in this District and issued facultative reinsurance certificates to OneBeacon in this District.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to OneBeacon's claims against Dominion occurred in this District.

## STATEMENT OF FACTS

### The Big D Settlement

8.     OneBeacon issued certain insurance policies to Olin Corporation ("Olin") that were reinsured by Dominion.  Olin sought coverage under the OneBeacon policies for an environmental claim related to its liability in connection with its activities at the "Big D Site,"

which included the Big D Landfill, Big D Campground, and was also known as the Dreslinski property and/or the Brenkus landfill located in Kingsville, Ohio.

9.      Olin subsequently brought a lawsuit against OneBeacon seeking coverage for the above-referenced environmental liabilities.  OneBeacon and Olin settled that lawsuit for seven million dollars ($7,000,000) (the "Big D Settlement").  The Big D Settlement consisted of $5,676,563 of coverage for remediation costs and $1,323,437 of prejudgment interest that was owed upon the unpaid remediation costs.

### The Facultative Certificates and Underlying Policies

10.      OneBeacon policy EY-8057-011 ("Policy EY-8057-011") provided $1,000,000 of coverage excess of the primary coverage to Olin for the period January 1, 1970 to January 1, 1973.

11.      Policy EY-8057-011 was allocated $1 million ($1,000,000) of remediation costs and $233,141 of prejudgment interest from the Big D Settlement.

12.      Reinsurance slip UE27688 ("Slip UE27688"), which forms the facultative certificate between OneBeacon and Dominion, reinsured one hundred percent (100%) of OneBeacon's liability under Policy EY-8057-011.

13.      Dominion's percentage of Slip UE27688 is 29.557%.  Accordingly, Dominion's reinsurance obligation under Slip UE27688 is $295,570 for the remediation costs and $68,910 for the related prejudgment interest from the Big D Settlement.

14.      While Dominion accepted and paid the reinsurance liability for the remediation costs, it has failed and refused to pay the related prejudgment interest despite OneBeacon's repeated demands.  Accordingly, Dominion owes $68,910 to OneBeacon with respect to Slip UE27688.

15.     OneBeacon policy EY-8057-012 ("Policy EY-8057-012") provided $4,000,000 of coverage excess $1,000,000 excess primary coverage to Olin for the period January 1, 1970 to January 1, 1973.

16.     Policy EY-8057-012 was allocated four million dollars ($4,000,000) of remediation costs and $932,562 of related prejudgment interest from the Big D Settlement.

17.     Reinsurance slip UE27689 ("Slip UE27689"), which forms the facultative certificate between OneBeacon and Dominion, reinsured 100% of OneBeacon's liability under Policy EY-8057-012.

18.     Dominion's percentage of Slip UE27689 is 13%.  Accordingly, Dominion's reinsurance obligation under Slip UE27689 is $520,000 for the remediation costs and $121,233 for the related prejudgment interest.

19.     While Dominion has accepted and paid its reinsurance liability with respect to the remediation costs, Dominion has failed and refused to pay the related prejudgment interest despite OneBeacon's repeated demands.  Accordingly, Dominion owes $121,233 to OneBeacon with respect to Slip UE27689.

20.     OneBeacon policy EY-8057-013 ("Policy EY-8057-013") provided $15,000,000 of coverage excess $5,000,000 excess primary coverage to Olin for the period January 1, 1970 to January 1, 1973.

21.     Policy EY-8057-013 was allocated $504,883 of remediation costs and $123,904 of related prejudgment interest from the Big D Settlement.

22.     Reinsurance slip UE27690 ("Slip UE27690") reinsured 95% of OneBeacon's liability under policy EY-8057-013.

23.     Dominion's percentage of Slip UE27690 is 3.158%.  Accordingly, Dominion's reinsurance obligation under Slip UE27690 is $15,944 for remediation costs and $3,717 for the related prejudgment interest.

24.     Dominion does not dispute that it owes the amounts billed under Slip UE27690. However, in order to avoid paying its share of the prejudgment interest owed under Slips UE27688 and UE27689, Dominion took the position that all of the prejudgment interest from all of the remediation costs owed under Policies EY-8057-011, EY-8057-012 and EY-8057-013 ($1,289,607) should be allocated only to policy EY-8057-013.  Accordingly, Dominion has paid $38,688 of prejudgment interest pursuant to Slip UE27690.  That payment results in an overpayment and a credit of $34,971.

25.     In summary, Dominion owes $68,909 to OneBeacon with respect to Slip UE27688; $121,233 to OneBeacon with respect to Slip UE27689; and is entitled to a credit of $34,971 with respect to the overpayment on UE27690.  Thus, Dominion owes OneBeacon the net amount of $155,172.

## STATEMENT OF CLAIMS

### COUNT I – Breach of Contract
### (Slip UE27688)

1.     OneBeacon has satisfied all conditions precedent and fully performed under Slip UE27688.

2.     Pursuant to the terms of Slip UE27688, Dominion is obligated to pay OneBeacon $68,909 in prejudgment interest.

3.     Despite OneBeacon's demand, Dominion has failed and refused for greater than thirty (30) days to pay OneBeacon any prejudgment interest under Slip UE27688.

4.      Dominion's failure and refusal to pay OneBeacon has caused OneBeacon to suffer damages.

**COUNT II – Breach of Contract**
**(Slip UE27689)**

5.      OneBeacon has satisfied all conditions precedent and fully performed under Slip UE27689.

6.      Pursuant to the terms of Slip UE27689, Dominion is obligated to pay OneBeacon $121,233 in prejudgment interest.

7.      Despite OneBeacon's demand, Dominion has failed and refused for greater than thirty (30) days to pay OneBeacon any prejudgment interest under Slip UE27689.

8.      Dominion's failure and refusal to pay OneBeacon has caused OneBeacon to suffer damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, OneBeacon respectfully requests that this Court:

(A)      Enter judgment for OneBeacon on Counts I and II of the Complaint;

(B)      Award OneBeacon damages of $155,172,[1] plus interest, attorneys fees and costs;

(C)      Award OneBeacon attorneys' fees pursuant to M.G.L. c. 175B § 4;

(D)      Require Dominion to deposit with the clerk of court cash or securities or a bond in the amount of $155,172 in accordance with M.G.L. c. 175B § 3 before it files an answer to this Complaint; and

(E)      Grant OneBeacon such other relief as the Court deems just.

**JURY DEMAND**

OneBeacon demands a trial by jury.

---

[1] $155,172 is the difference between the amounts owed under Slips UE27688 and UE27689 ($190,143) and the overpayment by Dominion on Slip UE 27690 ($34,971).

Respectfully submitted,

**ONEBEACON AMERICA INSURANCE COMPANY**
By its attorneys,


 _/s/ Mitchell S. King_____
Mitchell S. King, Esq.  (BBO# 272810)
mking@princelobel.com
Adam R. Doherty, Esq.  (BBO# 669499)
adoherty@princelobel.com
PRINCE, LOBEL, GLOVSKY & TYE, LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000

DATED:  May 3, 2011